## CHURCH v. MINNEAPOLIS & ST. L. RY. CO.

24 Stat. 379, declares that, if any common carrier shall receive from any person a greater or less compensation for any service rendered than it receives from others for a like service, such carrier shall be guilty of unjust discrimination, which is declared to be unlawful. *Held*, that where plaintiff sued a railroad company to recover certain chattels without first paying freight charges thereon, according to the company's published schedule, and plaintiff claimed that an agreement whereby transportation charges were to be less than the published schedule, there could be no recovery, such contract being unlawful as to both parties.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Codington county, HON. A. W. CAMPBELL, Judge.

Action in claim and delivery by C. M. Church against the Minneapolis & St. Louis Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Albert E. Clark* and *George W. Case,* for appellant.

No appearance for respondent.

FULLER, P. J. This action, to recover the possession of certain so-called "emigrant movables" without first paying reasonable freight charges, according to the published schedules and as specified in a written contract duly executed by the parties, resulted in a judgment for plaintiff, and defendant appeals.

The property in question was transported in two cars from Minneapolis, Minn., to Watertown, S. D., and, notwithstanding the written contract to pay $30 per car, respondent was permitted, over a valid objection, to testify that, according to a contemporaneous oral agreement, the shipment was to be made for $15 per car. While, as between the parties, the doctrine is elementary that, in the absence of mistake, fraud, surprise, or accident (and nothing of such character is even intimated in this instance), parol evidence is not admissible to contradict the express terms of a written instrument, we find it necessary to be governed in the decision of this case, which involves interstate traffic, by the federal statute declaring such contract, if made, to be an illegal discrimination, and absolutely void. Section 2 of chapter 104 of the Acts of the Second Session of the 49th Congress, entitled "An act to regulate commerce" (24 Stat. 379), reads as follows: "Sec. 2. That if any common carrier subject to the provisions of this act, shall directly or indirectly, by any special rate, rebate, drawback, or other device,

charge, demand, collect or receive from any person, or persons a greater or less compensation for any service rendered or to be rendered in the transportation of passengers, or property, subject to the provisions of this act than it charges, demands, collects or receives from any other person, or persons, for doing for him or them a like and contemporaneous service in the transportation of a like kind of traffic, under substantially similar circumstances and conditions, such common carrier shall be deemed guilty of unjust discrimination, which is hereby prohibited and declared to be unlawful." By section 10 of the act a fine for a violation of its provisions of not exceeding $5,000 is provided. Although the written contract contains the stipulation that the shipment is made subject to the conditions and regulations of the published freight tariffs and schedules of the railway company, which is $30 per car from Minneapolis to Watertown, if the goods be emigrant movables, and much more than that sum if they be of the class contended for by appellant, we will assume that, as claimed by respondent, a special rate of $15 per car was authoritatively offered, and the shipment was made pursuant thereto. Viewed in its most favorable light, the oral contract, upon which respondent relied, is void under the foregoing statutory provision, and the court is without power to enforce its terms, for the reason that the rate agreed upon was much less than the regular and reasonable tariff demanded and collected from other persons for a like service at that time. In Railroad Co. v. Bowles (Ind. T.), 40 S. W. 901, the court say: "If there was an oral contract entered into, it must have been upon a basis upon which the minds of both the contracting parties met, and, if so, and the contract upon which they entered was one forbidden by law, whether they had knowledge of that fact or not, they were both in *pari delicto.* Neither the ignorance of one or

both of the parties, nor finely drawn subtleties as to which of the parties was more in fault than the other, change their legal status or their liability. If the contract which they entered into was prohibited by law, they were both at fault, and the courts will not give validity to or carry into effect such a contract." Under the act of congress all contracts discriminating either for·or against a shipper are unlawful, and render the company making the same liable to punishment, and are therefore utterly void between the immediate parties. In accordance with the uniform current of authority, no person participating in such an illegal agreement is permitted to go into a court of justice and enforce a demand founded thereon. Hedges v. Dixon Co., 14 Sup. Ct. 71, 37 L. Ed. 1044; Railway Co. v. Hubbell (Kan. Sup.) 38 Pac. 266; Hawley v. Coal Co., 48 Kan. 593, 30 Pac. 14; Railway Co. v. Dumas, (Tex. Civ. App.), 43 S. W. 609; Railway Co. v. Bundick, 94 Ga. 775, 21 S. E. 995. The purpose of the interstate commerce act is to prohibit such discrimination as respondent claims, and the trial court should have prevented him from asserting any right under such contract, even though its existence had been established by a fair preponderence of the evidence. As the amount which appellant is entitled to recover for the transportation of the property depends upon its correct classification, concerning which the evidence is conflicting, we decline to direct the entry of judgment in its favor. Concluding, as we do, that respondent was not entitled to the possession of the property described in his complaint on payment of only $15 per car freight charges, the judgment appealed from is reversed, and a new trial ordered.